J. MARK HOLLAND (140453)
**J. MARK HOLLAND & ASSOCIATES**
a Professional Law Corporation
19800 MacArthur Boulevard, Suite 300
Irvine, CA 92612
Telephone:  (949) 718-6750
Facsimile:  (949) 718-6756
Email: office@jmhlaw.com

Attorneys for Plaintiff
GOOD SHEPHERD
MINISTRIES INTERNATIONAL

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| GOOD SHEPHERD MINISTRIES INTERNATIONAL, a 501(c)(3) Nonprofit California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> JULY & RIPPA LLC, a Texas Limited Liability Company; and DOES 1 THROUGH 5, inclusive, <br><br> Defendants. | Civil Action No. _____ <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** <br><br> **JURY TRIAL DEMANDED** |

## THE PARTIES

1.    Plaintiff Good Shepherd Ministries International ("Good Shepherd") is a 501(c)(3) Nonprofit California corporation having a principal place of business at 1200 Arizona St. Suite B2, Redlands, CA  92374.

2.    Upon information and belief, Defendant July & Rippa LLC ("July & Rippa") is a Limited Liability Company existing under the laws of the State of Texas, with a principal place of business at 101 E. McKinney St. #2106, Denton, TX 76201.

3.   The true names and capacities of Doe Defendants 1 through 5 are not known to Good Shepherd at this time, and Good Shepherd therefore sues them under fictitious names.   When the actual identities of Does 1 through 5 are determined, Good Shepherd intends to seek leave of Court to amend this Complaint to name such persons as Doe Defendants.  Good Shepherd is informed and believes, and thereon alleges, that Does 1 through 5 participated in the wrongful acts described herein, and are responsible in some way for the wrongful acts alleged herein.  Accordingly, as indicated above and depending on the context in which it is used herein, the term "Defendants" is intended to include not only "July & Rippa" but also any other Defendants or any individuals or other entities acting on behalf of or in coordination with the named Defendants regarding the matters discussed herein.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over this action pursuant to 28 U.S.C.A. §§ 1331, 1338, 1367, 15 U.S.C.A. §§ 1116 and 1121.

5.   This Court has personal jurisdiction over the Defendants consistent with the principles of due process, by virtue of one or more of the following:

- the Defendants transacting and doing business in this District,

- because a substantial part of the relevant events occurred in this District, and/or

- because a substantial part of the property that is the subject of this action is situated here.

6.   Venue is proper in this District pursuant to 28 U.S.C.A. §§ 1391(b) and 1391(c).

## NATURE OF THE ACTION

7.   This is an action for previous and ongoing trademark infringement and unfair competition by July & Rippa under Section 32 of the Lanham Act, 15

**COMPLAINT**
Civ. Action No.                                                                                                        2

U.S.C.A. § 1114 (Registered Trademark Infringement); Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a) (False Designation of Origin; Unfair Competition; and Common Law Trademark Infringement); and the California Unfair Practices Act (CA Bus & Prof Code § 17000 et seq.).

8.   Good Shepherd seeks injunctive relief, damages, and attorney's fees in this action.

## FACTUAL ALLEGATIONS

9.   Beginning in or around 1999 and continuing since that time, Good Shepherd created and operates ISOM (an abbreviation for Good Shepherd's "International School of Ministry"). Good Shepherd operates other ministries as well (such as Women of the World (WOW) and YouthBytes), but by far its main outreach and public persona is based in its trademark ISOM. In that regard, and upon information and belief, around 90% of Good Shepherd's activities are carried out under its trademark ISOM. In addition, consumers make out their checks and other payments to ISOM.

10. In fact, "Good Shepherd" does not even appear on the covers of many of Good Shepherd's publications and products (although "Good Shepherd" typically is printed or otherwise included in the information inside those publications and materials, or is otherwise associated with those activities and products). By way of example, below (on the left) is a screenshot of a cover of one of Good Shepherd's publications, and (on the right) a screenshot of a cover of that same publication:

**COMPLAINT**
Civ. Action No.




11. Since that time (1999), through decades of hard work, creative product development, and high quality in its products and services, Good Shepherd has earned great loyalty and renown within its industry, including as described below.

12. Because Good Shepherd is primarily known to the public under its trademark ISOM:

- Good Shepherd chose to register its trademark ISOM (as discussed below) rather than register "Good Shepherd" itself;
- operates online under its main website ISOM.ORG and a related website ISOMONLINE.ORG;
- Good Shepherd's identity is strongly tied into its ISOM.ORG website, which it purchased and has been using for almost 25 years.

13. Good Shepherd's ISOM (International School of Ministry) is the largest multidenominational, video-based Bible school in the world, providing

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

undergraduate and graduate-level biblical education in ministry and the marketplace. ISOM is known for its ethnic diversity with over 85 languages available, with more than 20,000 schools joining the ISOM community from 150 countries. ISOM's world-class faculty includes nearly 100 ministers and marketplace leaders.

14. As part of its ISOM ministry, and for decades beginning in 1999, Good Shepherd has developed and marketed numerous printed and electronic media products, clothing, promotional items, and related products (the "Good Shepherd Products"), which are marketed and sold throughout the United States and beyond, under Good Shepherd's trademark ISOM.   Good Shepherd has spent a substantial amount of time, energy, and money advertising and promoting its ISOM trademark and products in the United States and throughout the world," as a result of which it has developed substantial and exclusive goodwill and reputation in connection with the ISOM Mark for the Good Shepherd Products.

15. As a result, Good Shepherd now markets and sells Good Shepherd Products under the well-known trademark "ISOM," which trademark is used to identify and distinguish the Good Shepherd Products from those of its competitors in the marketplace (the "ISOM Mark").

16. Good Shepherd is the owner of U.S. Trademark Registration No. 3,517,031, registered on October 14, 2008 for ISOM (as a standard character mark) (the "ISOM Trademark Registration"), covering the following:

- in International Class 9: audio and video media, namely, CDs, DVDs, CD ROMs, MP3 recordings, CDRs, MP3 CD ROMs, AUDIO CD ROMs, and cassettes, featuring religion, faith and inspirational content; electronic media, namely, CDs, DVDs, CD ROMs, MP3 recordings, CDRs, MP3 CD ROMs, AUDIO CD ROMs, and cassettes featuring recordings in the field of religion; pre-recorded CD ROMs, MP3 CD ROMs, and AUDIO CD ROMs featuring audio books and electronic

books having educational, inspirational, faith, fiction and entertainment content; Video disks and tapes, and downloadable video recordings featuring audio books and electronic books having educational, inspirational, faith, fiction and entertainment content; and

- in International Class 16: printed instructional, educational, and teaching materials, namely, brochures, note books, printed tests, printed exams, and workbooks, all in the field of religion.

17. Good Shepherd has been actively using the ISOM Mark as a trademark for the Good Shepherd Products in interstate commerce since at least as early as December 25, 1999.

18. Good Shepherd Products sold under the ISOM Mark have enjoyed extensive recognition in the marketplace.

19. Good Shepherd has continuously marketed and sold Good Shepherd Products under the distinctive ISOM Mark since at least as early as December 25, 1999, and it intends to continue to market and sell Good Shepherd Products under ISOM Mark in the future.

20. Good Shepherd Products bearing the ISOM Mark are sold by Good Shepherd and its international licensees, over the Internet (including among other things, via social media such as Facebook and Instagram, and via regular YouTube videos), by emails and hard copy mailing, by in-person sales, and telephone orders (the "Good Shepherd Channels of Trade").

21. As a result of these efforts and expenditures, combined with substantial sales of quality Good Shepherd Products under the ISOM Mark, the relevant consuming public has come to recognize the ISOM Mark as favorably distinguishing Good Shepherd Products from those of its competitors.

22. As a result of widespread public use and recognition, the ISOM Mark has become an asset of significant value and goodwill, and a successful indicator of the

source of Good Shepherd Products.

**<u>July & Rippa's Infringement of the ISOM Mark</u>**

23. On information and belief, July & Rippa is a relatively new comic book/graphic novel company, marketing and selling its books and related promotional and other products throughout the United States and around the world (including into California and into this District). Upon information and belief, July & Rippa markets and sells its books and related products directly to consumers, as well as through retailers.

24. Upon information and belief, July & Rippa began using its ISOM mark on or about July 9, 2022, nearly <u>23 years</u> after Good Shepherd commenced use of the ISOM Mark. In fact, in their own online admissions, July & Rippa has admitted that, in 2022, they "launched" their <u>entire company</u> (Rippaverse books) using the ISOM mark. Specifically, they posted online (at https://rippaverse.com/product/isom-1-campaign/) that "The Rippaverse is FINALLY here and <u>Isom</u> #1 <u>is the perfect comic book to launch</u> it." (emphasis added). Below is a screenshot of their posting (with yellow highlighting on the relevant text):



25. On information and belief, below is a related screenshot showing the cover of July & Rippa's first publication, a 96-page book entitled ISOM (at https://rippaverse.com/product/isom-1-campaign/). On information and belief, ISOM is the "hero" moniker/name that July & Rippa chose for their main character:



26. As shown in the above cover and in the screenshots below (red circles and arrows added below for emphasis; screenshots from https://rippaverse.com/), and in addition to using the name ISOM, July & Rippa repeatedly (on information and belief, always) display their ISOM character with a <u>cross</u> on his belt:



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**COMPLAINT**
Civ. Action No.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



27. July & Rippa's actions (using the name ISOM, and/or the cross on the character's belt) already have caused actual confusion.  An example of that actual confusion is shown in the following highlighted copy of an unsolicited email from a third party, in which the sender specifically mentions the identity of the

trademark ISOM <u>and</u> the cross on the hero's belt:



28. Among other things, the above journalist's email states:

<u>I would be curious to know when the decision was made to make a comicbook character using the same name as the International School of Ministry</u>, has Mr. July received any funding to aid him in the creation of super hero Isom, <u>info on the choice to have Isom have an <mark>image of the cross on his belt</mark></u>, what we can hope to see with the continuation of ISOM on his journey to rescue Jasmine from prostitution, and if you could the amazing choice to offer buyers the option to donate a copy of ISOM #2 for just $17.50 to help children who are hospitalized. Totally on the record, if you please!

<u>I thank you so much in extending your trademarked name in such a unique way and the creation of a new super hero</u>…

(emphasis added).

29.  According to their online postings, and upon information and belief, July & Rippa completed their marketing campaign for ISOM #1 on July 25, 2022, and reached 3,738% of their marketing campaign for ISOM #1, for a total of more than $3.7 million in sales.   This is shown on their website (at https://rippaverse.com/product/isom-1-campaign/), as shown by the screenshot copied here:



30.  According to their online postings, and upon information and belief, July & Rippa is now about to complete their marketing campaign for ISOM #2 on July 31, 2023, and they have again exceeded their marketing campaign goal, for a total of more than $2.2 million in sales.   This is shown on their website (at https://rippaverse.com/product/isom-2-campaign/), as shown by the screenshot copied here:

31. July & Rippa's ISOM Mark is confusingly similar to Good Shepherd's ISOM Mark. Without attempting to comprehensively list or analyze the factors involved in such an infringement analysis:

- The marks themselves are identical.
- Presumably, the marks are pronounced identically.
- The use of the cross on their hero's belt furthers the likelihood of confusion with Good Shepherd's trademark ISOM.
- Actual confusion has already occurred.

32. Upon information and belief, July & Rippa commenced use of the trademark ISOM in connection with their books (the "ISOM Mark") sometime in 2022. Thereafter, July & Rippa has developed, marketed, sold, and continues to sell, Infringing Goods under the ISOM Mark, improperly benefiting from the extensive goodwill associated with Good Shepherd's ISOM Mark.

33. Upon information and belief, July & Rippa have posted extensive promotional materials on their own website (rippaverse.com) and on other Internet

sites and social media.  Upon information and belief, July & Rippa's postings are further intentional attempts to mislead, divert, and/or confuse the consumer as to the relatedness of the source of the respective parties' goods

34. The Infringing Goods compete with the Good Shepherd Products sold under the ISOM Mark.  By way of example, in addition to competing on books and media publications, July & Rippa sell related items (such as the hats and shirts shown below) that directly compete with Good Shepherd's, both bearing the trademark ISOM:

| _Good Shepherd Products_ | _July & Rippa Infringing Products_ |
|---|---|






35. The consumers and potential consumers of Good Shepherd Products sold under the ISOM Mark are identical to, or at least considerably overlap, the consumers and potential consumers of the Infringing Goods.

36. Upon information and belief, the Infringing Goods are sold in the same

COMPLAINT
Civ. Action No.                                                                                    18

channels of trade as the Good Shepherd Products sold under the ISOM Mark.

37. July & Rippa's infringing activities are likely to cause confusion, mistake, and deception among the consuming public as to the origin of the Infringing Goods.

38. July & Rippa's use of the ISOM Mark in connection with books sold to Good Shepherd Consumers in the Good Shepherd Channels of Trade creates a false designation of origin, which is likely to cause confusion as to the affiliation, sponsorship or approval of July & Rippa with Good Shepherd.

39. July & Rippa's sale of Infringing Goods will cause Good Shepherd injury because such use is likely to cause confusion and/or mistake by wrongly leading persons to believe that the Infringing Goods are provided by, sponsored by, endorsed by or otherwise associated with Good Shepherd.

40. In addition to causing confusion in the minds of consumers, July & Rippa's continued use of the ISOM Mark is likely to cause mistake or to deceive, or otherwise injure, diminish, or detract from the prior rights firmly established by Good Shepherd in and to the ISOM Mark.

41. The value of Good Shepherd's goodwill associated with its ISOM Mark will be impaired by July & Rippa's continued use of a confusingly similar mark on competitive goods, over which Good Shepherd has no quality control.

42. By reason of the foregoing, Good Shepherd has been damaged and will be further damaged by July & Rippa's use of the ISOM Mark.

## COUNT ONE:

## REGISTERED TRADEMARK INFRINGEMENT

## UNDER SECTION 32 OF THE LANHAM ACT, 15 U.S.C.A. § 1114

43. Good Shepherd repeats and realleges paragraphs 1 through 42 of its Complaint, as if fully set forth herein.

44. July & Rippa's actions constitute infringement of the ISOM Trademark Registration in violation of Good Shepherd's rights under Section 32 of the Lanham

Act, 15 U.S.C.A. § 1114.

45. As a direct result of July & Rippa's unlawful activities, Good Shepherd has suffered and will continue to suffer damages in an amount to be determined at trial.

46. July & Rippa's conduct has caused and will continue to cause injury to Good Shepherd's goodwill and reputation, and will continue to both damage Good Shepherd and the public unless enjoined by this Court.

<strong><u>COUNT TWO:</u></strong>

<strong><u>FALSE DESIGNATION OF ORIGIN</u></strong>

<strong><u>UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C.A. § 1125(a)</u></strong>

47. Good Shepherd repeats and realleges paragraphs 1 through 46 of its Complaint, as if fully set forth herein.

48. July & Rippa's actions constitute a false designation of origin under 15 U.S.C.A. § 1125(a), which is likely to cause confusion, mistake or to deceive and has confused and deceived consumers into believing that July & Rippa and the Infringing Goods are affiliated with, sponsored by, or somehow connected with Good Shepherd, the Good Shepherd Products and/or the ISOM Mark.

49. July & Rippa's unlawful activities reflect adversely on Good Shepherd because Good Shepherd has no ability to control the quality of July & Rippa's goods, and as the believed source of origin, Good Shepherd's efforts to continue to protect its reputation for high quality products and services will be hampered, resulting in the loss of goodwill and sales, to the irreparable harm of Good Shepherd.

50. As a direct and proximate result of July & Rippa's above-described actions, Good Shepherd has suffered and will continue to suffer damages in an amount to be determined at trial.

<strong><u>COUNT THREE:</u></strong>

<strong><u>UNFAIR TRADE PRACTICES IN VIOLATION OF CALIFORNIA LAW</u></strong>

51. Good Shepherd repeats and realleges paragraphs 1 through 50 of its

Complaint, as if fully set forth herein.

52. July & Rippa has committed unfair and deceptive acts and practices, in violation of the California Unfair Practices Act (CA Bus & Prof Code § 17000 et seq.), including the following misconduct:

(a) passing off its goods or services as those of Good Shepherd goods and services sold under the ISOM Mark;

(b) causing the likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services July & Rippa is developing, advertising, promoting and selling under the ISOM Mark;

(c) causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by Good Shepherd of products developed, advertised, promoted and sold by July & Rippa under its ISOM Mark; and

(d) representing, expressly or implicitly, that goods or services developed, advertised, promoted and sold by July & Rippa under its ISOM Mark have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have.

53. July & Rippa willfully engaged in all acts constituting deceptive and unfair practices described in this Complaint.

54. July & Rippa's deceptive and unfair practices have impaired the goodwill associated with Good Shepherd's ISOM Mark.

55. As a direct and proximate result of July & Rippa's deceptive and unfair practices, Good Shepherd has suffered and will continue to suffer damages in an amount to be determined at trial.

56. On information and belief, July & Rippa's foregoing actions are willful and deliberate, and July & Rippa have no good faith basis for believing that July & Rippa's use of ISOM is not infringing Good Shepherd's rights.

**COMPLAINT**
Civ. Action No.

57. On information and belief, July & Rippa intend to continue their actions engage in unlawful infringing activity.  Unless July & Rippa are enjoined by this Court from doing so, Good Shepherd will suffer irreparable harm—for which there is no adequate remedy at law—from July & Rippa's unlawful infringing activity.

### PRAYER

WHEREFORE, Plaintiff Good Shepherd respectfully requests that the Court enter judgment against July & Rippa as follows:

A. Award Good Shepherd a judgment on each of its claims in an amount to be determined at trial;

B. Award Good Shepherd a permanent injunction prohibiting July & Rippa, and anyone acting in concert with July & Rippa, directly or indirectly: (i) developing, advertising, marketing, or selling any product or service under the ISOM Mark, in the field of audio and video media and/or printed materials; and (ii) developing, advertising, marketing or selling any product or service under any mark that is confusingly similar to the ISOM Mark, in the field of audio and video media and/or printed materials;

C. Award damages adequate to compensate Good Shepherd for the aforesaid infringement under 15 U.S.C.A. § 1117(a) including Good Shepherd's lost profits, but not less than a reasonable royalty;

D. Award the recovery of the July & Rippa's profits to Good Shepherd under 15 U.S.C.A. § 1117(a);

E. Award the recovery of Good Shepherd's costs of this action under 15 U.S.C.A. § 1117(a);

F. Declare this case exceptional and award Good Shepherd its reasonable attorney's fees under 15 U.S.C.A. § 1117(a); and

G. Provide such other and further relief as the Court may deem just and proper under the circumstances.

**COMPLAINT**
Civ. Action No.

1

## <u>DEMAND FOR JURY TRIAL</u>

2

3
Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is

4
hereby made for trial by jury on all issues properly triable by jury.

5

6
Respectfully submitted,

7

8

9
Dated:        August 21, 2023          /s/ J. Mark Holland

10
J. Mark Holland
**J. MARK HOLLAND & ASSOCIATES**

11
Attorneys for PLAINTIFF
GOOD SHEPHERD MINISTRIES

12
INTERNATIONAL

13
https://d.docs.live.net/365d5d3a52bd96fc/Clients/GOOD3/L3473.1/Pleadings/Complaint_Related/Drafts/2023-08-21_Complaint_FINAL2.docx

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**
Civ. Action No.                                                                                              23